

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-86,373-01

### EX PARTE PHILLIP MERLE PITTS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W11-12902-L(A) IN THE CRIMINAL DISTRICT COURT NO. 5
### FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to injury to a child, and the case was reset to hear additional punishment evidence and set punishment. During this period, Applicant filed a motion to withdraw the plea, which was heard and denied by the trial court. After a punishment hearing, the trial court sentenced Applicant to twenty years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Pitts v. State*, No. 05-13-01053-CR (Tex. App. — Dallas, May 19, 2015) (not designated for publication).

Applicant contends that his original plea counsel, counsel at the motion to withdraw the plea, and counsel on appeal were all ineffective for various reasons. On July 28, 2016, the trial court signed a timely order designating issues for resolution. However, the record was properly forwarded to this Court 180 days after the State was served with the application, with no additional information, affidavits or findings of fact addressing Applicant's claims.

Applicant alleges that his attorney at the original plea was ineffective for failing to investigate or pursue any possible defenses other than a "post-seizure confusion" defense, which counsel considered but dismissed based on allegedly erroneous assumptions about the nature of Applicant's medical issues. Applicant alleges that plea counsel should have investigated Applicant's claim that he had a seizure and did not recall the incident, but may have fallen on the infant. Applicant alleges that plea counsel failed to investigate the child's medical records to see if his injuries were consistent with having been dropped and fallen on by Applicant during a seizure, and failed to investigate Applicant's own medical records and history of having major seizures. Applicant alleges that plea counsel should have had him examined by a medical expert, and should not have relied on his own limited experience with his son's epilepsy to dismiss the possibility of such a defense.

Applicant alleges that his attorneys at the hearing on the motion to withdraw the plea were ineffective for failing to argue that he should be permitted to withdraw his plea because his confession to police had been coerced, and because his original plea counsel failed to investigate. Applicant also alleges that counsel should have argued that he was entitled to withdraw his plea as a matter of right because the trial court did not pronounce him guilty before recessing the proceedings to hear additional evidence and impose his sentence. Although it is true that the judgment had not been pronounced at the time Applicant filed his motion to withdraw the plea, the

case had been taken under advisement. Therefore, it was within the trial court's discretion to deny Applicant's motion to withdraw the plea.

Finally, Applicant alleges that his appellate counsel was ineffective for failing to make an argument on direct appeal that comported with his argument in the motion to withdraw the plea.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order Applicant's plea counsel, counsel at the hearing on Applicant's motion to withdraw the plea, and appellate counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's plea counsel, counsel at the hearing on the motion to withdraw the plea, or appellate counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must be requested by the trial court and shall be obtained from this Court.


Filed:  March 1, 2017
Do not publish